No. 25-3128

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LORI CHAVEZ-DEREMER
Secretary of the United States Department of Labor,

Plaintiff-Appellee,

v.

AMERICARE HEALTHCARE SERVICES, LLC;
DILLI ADHIKARI,

Defendants-Appellants.

On Appeal from the United States District Court for the
Southern District of Ohio Eastern Division

**REPLY TO SECRETARY OF LABOR'S MOTION TO SUBMIT
THE CASE ON THE BRIEFS OR CONTINUE ARGUMENT
DUE TO LAPSE IN APPROPRIATIONS**

Lori Chavez-DeRemer, Secretary of the United States Department of Labor ("Secretary") submits this reply to Defendants' response to her motion regarding oral argument, scheduled for October 22, in this case. The Secretary requested to delay argument (if the court deems argument necessary to decide the case) until after the lapse in appropriations that precludes the Secretary's attorneys from working on most matters. Defendants have responded to this request by asserting

that an abeyance of a different, necessarily more extended duration is warranted because of a proposed rule the Wage and Hour Division of the Department of Labor ("Department") published in July. Because the premises behind Defendants' request are incorrect, this Court should not allow for the postponement they seek.

1. **Procedural Context**

In this enforcement action filed in 2021, the Department seeks millions of dollars of wages that Defendants unlawfully failed to pay to over 1,700 of their employees beginning in 2018. Op. and Order, RE 121, Page ID # 49017. The district court entered summary judgment on behalf of the Department in January 2025, determining that Defendants had willfully violated the Fair Labor Standards Act's ("FLSA") pay requirements and therefore awarding backwages and liquidated damages owed to the affected workers. *Id.* Defendants sought expedited briefing before this Court on the grounds that they could not afford to post a bond to stay execution of the judgment against them, ECF #16-1 at 2 (March 31, 2025), and strongly opposed the Secretary's motion for a 30-day extension of the deadline for her merits brief this spring, ECF #19 at 2-7 (April 2, 2025). Briefing on appeal, which addresses the validity of regulations that are, and were throughout the course of Defendants' FLSA violations, in effect, was complete in mid-June. ECF #24 (June 18, 2025). On September 5, this Court scheduled oral argument for October 22. ECF #25.

At the beginning of July, the Department published a Notice of Proposed Rulemaking ("proposed rule") to consider potential changes to the FLSA regulations regarding domestic service employees, a category that includes the type of home care workers Defendants employed. Proposed Rule, *Application of the Fair Labor Standards Act to Domestic* Service, 90 Fed. Reg. 28,976 (July 2, 2025). Among other changes, the proposed rule considers whether to amend the existing regulations such that third party employers (such as home care agencies like Defendants) would be permitted to claim—where appropriate under the circumstances of the worker's employment—the exemptions from the FLSA's minimum wage and overtime requirements that Defendants wish to assert here. 90 Fed. Reg. 28,976 (proposing to amend 29 C.F.R 552.109(a), (c)); *see also* 29 U.S.C. § 213(a)(15) ("companionship services exemption"); 29 U.S.C. § 213(b)(21) ("live-in domestic service employee exemption"). The proposed rule explained that, as in this case, "[s]ome employers have argued that because of [*Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024)], the [current regulation regarding third party employers] is no longer valid. The Department has thus far taken the position in litigation that the [current] rule is still valid despite the 2024 *Loper Bright* decision, but is now taking a fresh look at arguments to the contrary." 90 Fed. Reg. 28,978. The proposed rule sought public comments on the

proposed regulatory changes, which were to be received within 60 days, i.e., by September 2, 2025. *Id*.

Defendants filed nothing in response to the publication of the proposed rule, but rather responded to the Secretary's October 7 motion—filed out of necessity given the government shutdown limiting the Department's attorneys' ability to perform work—with their own, more significant request for delay, months after the proposed rule was published and less than two weeks before oral argument, scheduled over a month ago, is set to occur.  ECF #30 (October 9, 2025).

## 2.  Legal Analysis

Defendants' assertion that a final rule "would govern this appeal and would require a vacatur and remand for further proceedings in light of the change in the regulations," Defs.' Response to Sec'y's Motion at 2, is incorrect.  Leaving aside the not insignificant fact that the timing (in addition to the contents) of a final rule is unknown—meaning the abeyance Defendants seek could be lengthy[1]—Defendants' position is inconsistent with relevant law and the circumstances of this

---

[1] There is no fixed timeline that an agency must meet between the end of a public comment period and the publication of a final rule.  *See* 5 U.S.C. § 553(c) (making no mention of any required timeline); *Mobil Oil Corp. v. U.S. E.P.A.*, 35 F.3d 579, 584 (D.C. Cir. 1994). Technically, it is even possible that there could never be a final rule resulting from this proposal; agencies may choose to withdraw a proposed rule in lieu of adopting a final rule.  *See Int'l Union, United Mine Workers of Am. v. U.S. Dep't of Lab.*, 358 F.3d 40, 43 (D.C. Cir. 2004).

case. For several reasons, a final rule arising from the Department's proposed rule would not be determinative of the outcome of this case.[2]

First, the regulations in place now govern this case. The current regulations were promulgated in 2013, 78 Fed. Reg. 60,454, and were held to be valid by the D.C. Circuit in 2015, *Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015), *cert. denied*, 579 U.S. 927 (2016). The FLSA violations at issue in this case began in 2018, years before the *Loper Bright* decision was issued or the Department issued its proposed rule. Because the Fair Labor Standards Act's grant of rulemaking authority with regard to the exemptions at issue does not expressly provide the Department with the power to promulgate retroactive rules, any final rule will necessarily change the regulations only prospectively. *See* 1974 Amendments to the FLSA, Pub. L. No. 93-259, § 29(b), 88 Stat. at 76 (granting the Department authority "to prescribe necessary rules, regulations, and orders with regard to the [relevant FLSA amendments]" with no mention of retroactive effect); 29 U.S.C. § 213(a)(15) (authorizing the Department to "define[] and delimit[]" relevant terms in the statute with no mention of retroactive effect); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("[A] statutory grant of

---

[2] Defendants appear to recognize that the proposed rule itself is plainly not a basis for an abeyance in this case. A proposed rule does not reflect a final determination, *see* 5 U.S.C. § 553(b) (describing proposed rules), but instead is an early step in a process of considering public input, 5 U.S.C. § 553(c).

legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms."); *see also Lyngaas v. Curaden Ag*, 992 F.3d 412, 427 (6th Cir. 2021) (citing *Bowen* because it explained that "administrative rules will not be construed to have retroactive effect unless their language requires this result" and *Maple Drive Farms Ltd. P'ship v. Vilsack*, 781 F.3d 837, 857 (6th Cir. 2015), because it held "that because, '[g]enerally, [r]etroactive application of policy is disfavored,' the federal agency had to apply the version of its guidance that was in effect at the time of the incident in question").[3]

---

[3] The case Defendants cite to support their theory that agency rules are by default retroactive, *Thorpe v. Hous. Auth. of City of Durham*, 393 U.S. 268 (1969), stands for the proposition that changes to *procedural* rules may appropriately be applied to pending cases. *Id.* at 283 (discussing the procedural change made by the agency guidance at issue). This Court further explained in *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 647 (6th Cir. 2006), that Supreme Court and this Court's cases "have recognized that changes to procedural rules generally do not have retroactive effect," i.e., do not violate the presumption against retroactivity, "because procedural rules regulate secondary as opposed to primary conduct" and distinguished "rules that deprive persons of vested substantive rights," which, potentially problematically, "may have retroactive effects if applied to conduct occurring prior to their enactment." There can be no reasonable dispute that the regulation determining whether certain employers may claim relevant exemptions from the FLSA's minimum wage and overtime requirements is substantive, not procedural. The case Defendants cite to support a more general proposition that new laws have retroactive effect, *United States v. Schooner Peggy*, 5 U.S. 103 (1801), addressed the relevance of the United States' entering a treaty with France in 1800 to the disposition of a ship captured at sea in that year, and so should not outweigh consideration of the line of more recent caselaw addressing facts and circumstances much more similar to those presented by the Department's pending rulemaking. Finally, that Defendants can find cases held in abeyance because an

Second, only Americare seeks to delay this case based on a potential action by the Department; the Secretary, who is both the party prosecuting this case and the entity considering a regulatory change, is *not* seeking a prolonged abeyance (but rather only the minimally necessary one, if the Court believes oral argument is necessary, given the lapse in appropriations that is not within the Department's control). The Secretary has not changed her position in this case in which the district court has already issued a multi-million dollar judgment on behalf of the Department and over 1,700 of Americare's employees. Among other relevant facts, the Department is cognizant that by filing a complaint in this case, the Secretary extinguished the rights of these employees to bring their own private actions against Americare seeking payment of the unpaid wages they are owed. *See* 29 U.S.C. § 216(b). Moreover, implicit in Americare's filing is an assumption that this Court will no longer be in a position to resolve the legal questions presented to it once the Department issues a final rule. But a final rule issued by the Department would not foreclose this Court from addressing whether the Department's regulations in effect during the time period relevant to this case were invalid. Contrary to Americare's attempts to cloud the two issues, *the*

---

agency is reconsidering a challenged rule is of extremely limited relevance here, where this case is an enforcement action brought by the agency, the rule at issue has been in place for over a decade, and the Department has not sought an abeyance pending rulemaking.

*Department's* forthcoming rulemaking does not control *this Court's* analysis of the Department's previous exercise of its rulemaking authority under *Loper Bright*, in which the Supreme Court strongly emphasized that courts are to "exercise their independent judgment in deciding whether an agency has acted within its statutory authority." 603 U.S. at 412.

3. Conclusion

Because a final rule arising from the Department's July 2 proposed rule would not determine the outcome of this case, further, unnecessary delay of the payment of wages owed to the affected workers is not appropriate.

Respectfully submitted,

                JONATHAN L. SNARE
                Acting Solicitor of Labor

                JENNIFER S. BRAND
                Associate Solicitor

                SARAH KAY MARCUS
                Deputy Associate Solicitor

                LINDSEY ROTHFEDER
                Senior Attorney

                AMELIA BELL BRYSON
                Senior Attorney

                /s/ Rachel Goldberg
                Rachel Goldberg
                Counsel for Appellate Litigation
                U.S. Department of Labor

Office of the Solicitor
200 Constitution Avenue, N.W.
Room N-2716
Washington, D.C. 20210
Email: Goldberg.Rachel@dol.gov
(202) 693-5556

*Attorney for the Secretary of Labor*

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on October 10, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Rachel Goldberg
RACHEL GOLDBERG
Counsel for Appellate Litigation
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Room N-2716
Washington, D.C. 20210
Email: Goldberg.Rachel@dol.gov
(202) 693-5556