**BOYDEN GRAY PLLC**
800 CONNECTICUT AVENUE NW, SUITE 900
WASHINGTON, DC 20006
(202) 955-0620

January 9, 2026

Honorable Kelly L. Stephens
Clerk of the Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re:   Response to Rule 28(j) Letter in *U.S. Department of Labor v. Americare Healthcare Services Inc., et al.*, No. 25-3128, concerning *Walsh v. WiCare Home Care Agency*, No. 24-2565, 2026 WL 36153 (3rd Cir. Jan. 6, 2026) (not precedential)

Dear Ms. Stephens:

The Department of Labor's recent Rule 28(j) letter flags a Third Circuit panel's unpublished nonprecedential decision in *Walsh v. WiCare Home Care Agency*, No. 24-2565. That decision has no persuasive weight.

First, as the Department has explained, *WiCare* concerns solely the companionship-services exemption, 29 U.S.C. § 213(a)(15), and doesn't involve the live-in exemption, *id.* § 213(b)(21), which is central to this appeal. *See Walsh v. WiCare Home Care Agency*, No. 24-2565, Dkt. 30, at 7 ("The validity of the 29 C.F.R. § 552.109(c) … is not one of the issues presented in this appeal, which does not involve live-in home care workers.").

Second, *WiCare* is unpersuasive. *WiCare*'s cursory one-paragraph analysis conflicts with *Loper Bright* and *Pickens*. The panel never independently sets the boundaries of the delegation to "delimit," as *Loper Bright* requires, not does it explain how the third-party employer rule actually delimits specific terms in the statute, as opposed to excluding a class of disfavored employers by fiat. *See WiCare*, 2026 WL 36153, at *2.

Page 2

Third, WiCare's briefing did not aid the Court. WiCare's principal (and only) brief largely copy-pasted pre-*Loper Bright* summary judgment briefing, arguing that the third-party employer rule was unlawful at *"Chevron* Step one" even through the principal brief was filed well after *Loper Bright*. *WiCare*, No. 24-2565, Dkt. 15, at 11. Given the poor quality of WiCare's presentation, it is unsurprising that the panel held no oral argument and issued an unpublished cursory decision. Here, by contrast, the Court held oral argument and received adequate briefing.

Fourth, in the Third Circuit, nonprecedential decisions are merely "the opinion of three members of the court in a particular case." *In re Grand Jury Investigation*, 445 F.3d 266, 276 (3d Cir. 2006); *see also WiCare*, 2026 WL 36153, at *3 n.* ("This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent."). Given that the "particular case" there didn't involve the principal exemption at issue here and was poorly briefed and barely reasoned, the opinion has no persuasive weight.

Respectfully submitted,

*/s/ James R. Conde*
BOYDEN GRAY PLLC
800 Connecticut Avenue NW
Suite 900
Washington, DC 20006
(202) 955-0620
jconde@boydengray.com
*Counsel for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF. All parties in this case are represented by counsel consenting to electronic service.

January 9, 2025

Respectfully submitted,

*/s/ James R. Conde*
BOYDEN GRAY PLLC
800 Connecticut Avenue NW
Suite 900
Washington, DC 20006
(202) 955-0620
jconde@boydengray.com
*Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Letter complies with Federal Rule of Appellate Procedure 28(j) because it contains 348 words, excluding the exempted portions, and complies with typeface requirements.

January 9, 2025                    Respectfully submitted,

                                   */s/ James R. Conde*
                                   BOYDEN GRAY PLLC
                                   800 Connecticut Avenue NW
                                   Suite 900
                                   Washington, DC 20006
                                   (202) 955-0620
                                   jconde@boydengray.com
                                   *Counsel for Appellants*